Revised 05/01 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

05cv6602

## 1. CAPTION OF ACTION

**A. Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. JOHNATHAN JOHNSON #89A1042
2. 

-VS-

**B. Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Prison Guard Worle
2. Michael McGinnis
3. GLENN S. GOORD
4. Inspector General
5. P. Corcoran — 14. Doctor Alves
6. Paul Chappius — 15. nurse mills
7. Sergeants Shumaker
8. Sergeant Herrick 13. Raub
9. Imam Mohamed Afify
10. James Conners
11. Inspector General
12. Unknown Guards And Nurses

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Johnathan Johnson #89A1042

Present Place of Confinement & Address: Southport Correctional Facility
P.O. BOX 2000 - 236 Bob Masia Drive, Pine City
New York 14871

Name and Prisoner Number of Plaintiff: 

Present Place of Confinement & Address:

**DEFENDANT'S INFORMATION** **NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Worle

(If applicable) Official Position of Defendant: Prison Guard

(If applicable) Defendant is Sued in X Individual and/or ______ Official Capacity

Address of Defendant: Southport Correctional Facility
P.O. BOX 2000 - Pine City New York 14871

Name of Defendant: Michael McGinnis

(If applicable) Official Position of Defendant: Superintendent

(If applicable) Defendant is Sued in X Individual and/or ______ Official Capacity

Address of Defendant: Southport Correctional Facility
P.O. Box 2000-Pine City New York 14871

Name of Defendant: GLENN S. Goord

(If applicable) Official Position of Defendant: Commissioner D.O.C.S.

(If applicable) Defendant is Sued in X Individual and/or ______ Official Capacity

Address of Defendant: Department of Correctional ~~[illegible]~~ Services
1220 Washington Avenue, Albany N.Y. 12226-2050

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.** Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes____ No X

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s): Ø

Defendant(s):

# DEFENDANTS INFORMATION

Sergeant Shumaker
Defendant is sued in Individual Capacity
Southport Correctional Facility - P.O. Box 2000
Pine City New York 14871

Inspector General
Defendant is sued in Individual Capacity
Department of correctional Services - 1220 Washington
Avenue. Albany N.Y. 12226-2050

P. Corcoran - Acting Dep. Supt. For Programs Services
Defendant is sued in Individual Capacity
Southport Correctional Facility - P.O. Box 2000
Pine City N.Y. 14871

Paul Chappius - Dep. Supt. For Security
Defendant is sued in Individual Capacity
Southport Correctional Facility - P.O. Box 2000,
Pine City N.Y. 14871

Sergeant Herrick
Defendant is sued in Individual Capacity
Southport Correctional Facility
P.O. Box 2000 - Pine City N.Y. 14871

DEFENDANTS' INFORMATION [Continues]

Imam Mohamed Afify
Defendant is sued in Individual capacity
Southport Correctional Facility P.O. Box 2000,
Pine City New York 14871

James conners. Minister
Defendant is sued in individual capacity
southport correctional facility
P.O. Box 2000. pine City N.Y. 14871

unknown Prison Guards. / And Nurses unknown
Defendants is sued in Individual capacity
southport correctional facility
P.O. Box 2000 pine city N.Y. 14871

Raub, sergeant
Defendant is sued in Individual capacity
southport correctional facility
P.O. Box 2000, pine city N.y. 14871

Doctor Alves / And Nurse Mills
Defendants is sued in Individual capacity
southport correctional facility
P.O. Box 2000, pine city N.y. 14871

2. Court (if federal court, name the district; if state court, name the county):______________________________

______________________________________________________________________

3. Docket or Index Number:______________________________

4. Name of Judge to whom case was assigned:______________________________

5. The approximate date the action was filed:______________________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved.______________________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

**B.** Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

Yes____ No X

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s):______________________________

______________________________________________________________________

Defendant(s):______________________________

______________________________________________________________________

2. District Court:______________________________

3. Docket Number:______________________________

4. Name of District or Magistrate Judge to whom case was assigned:______________________________

______________________________________________________________________

5. The approximate date the action was filed: Ø

6. What was the disposition of the case? Ø

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved. Ø

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).
**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**Exhaustion of Administrative Remedies**

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

---

**A. FIRST CLAIM:** On (date of the incident) ______________________________,

defendant (give the **name and position held** of **each defendant** involved in this incident) ______________________________

______________________________

did the following to me (briefly state what each defendant named above did): ______________________________

"SEE" Annexed Pages

The constitutional basis for this claim under 42 U.S.C. § 1983 is: deliberate indifference, Assaults, religious Freedom Restoration Act

The relief I am seeking for this claim is (briefly state the relief sought): Money damages injunction relief

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? X Yes ______ No If yes, what was the result? ______________________________

Did you appeal that decision? X Yes ______ No If yes, what was the result? ______________________________

*Attach copies of any documents that indicate that you have exhausted this claim.*

FIRST CLAIM. [On October 16. 2005. Plaintiff was called out for a visit. Sergeant Raub was Present
2] Prison guard [Worle] had Prior to taking Plaintiff to the visiting-room. Put Plaintiff's handcuffs on so. tight around Plaintiff's wrest it turned red.
3] subsequently. upon Plaintiff's arrival to the visiting room Prison guard [Worle] and an unknown guards, removed the restraints. and Plaintiff were Placed in the cage area.
4] subsequently. Plaintiff was handcuffed in the cage by unknown Prison guard. Plaintiff's was removed subsequently and Prison guard [Worle] applied the waist-chains around Plaintiff's waist. Pulling it with so much Force. the unknown guards. had to support Plaintiff's From Falling.
5] Worle. and these unknown guards had kept. the chain in that Position around Plaintiff's stomach. where. he could not breathe Properly.
6] Plaintiffs subsequently. had to inform Prison guard Herbert of this difficulty of Plaintiff's breathing. Plaintiff's visitor also. saw Plaintiff's difficult breathing.
7] Subsequently Plaintiff was called-out of the visiting room Pen. because of his difficulty of breathing. To Finally have the waist-chains removed.

8] These acts by Prison guard [Worley] and this unknown Prison guard is an on going act. Each time Plaintiff's exits his cell for visits with his family members. Since March 2005. through the present date.

9] Supervisors. Sergeant Shumaker, Herrick and Raub, were all notified of these improper acts prior to leaving the Block. and visiting room. To no avail.

10] Michael McGinnis. Superintendent. has also been made aware of these improper acts and Commissioner Glenn S. Goord. the Inspector General's office through Complaints and Grievances Complaints to no avail.

11] Grievance complaints has not been responded to, that pertains to Prison guard [Worley] etc.

SECOND CLAIM [Since the start of Ramadan-muslim Holy month in 2004- through 2005. superintendent Michael McGinnis. Paul Chappius. Deputy superintendent for security. Has interfering with Plaintiff's religious Practices. and failure to remedy such a Policy. By continuous Placing Plaintiff's upon a disciplinary-restricted Diet bread-loaf.

2) Which Causes Plaintiff to go on hungry-strikes every year, Since October 2004, through the Present date.

3) which Causes mental, emotional Stresses and a lost of #30 Pounds weigh during the Ramada, Holi-days.

4) Plaintiff's would and continuous being removed from the Ramada, and Placed on a restricted-diet disciplinary loaf by michael McGinnis, and Paul chaplius.

5) In October 2004, this removal from the Ramada list was brought to the attention of michael MC-Ginnis, superintendent, And also, IMAM MOHAMED AFIFY, whom failed to restore Plaintiff to Ramada and when Plaintiff wrote to Imam Pertaining to, Finally Putting him on he refused.

6) In october 2005, Plaintiff's was again removed off Ramada, and Placed upon a restricted disciplinary Diet loaf, Minister James conners, failed to act.

8) subsequently Plaintiff again went of a hungry [redacted] strike, Due to the removal of Ramada.

9) On October 17, 2005, Plaintiff's received a memor-

andum From [P. Corcoran] Acting Assistant Deputy Superintendent For Program Services.

10] Contending that on the weekend of October 16,th while in the SHU-Visiting-Room Plaintiff's were observed eating and/or drinking during the daytime. You are being removed From Ramadan [sic].

11] Subsequently. Plaintiff's has been on a hungry strike since his removal From Ramadan on October 17, 2005, once again For a second year of the Holy-month.

12] During the 2004 Weight lost For thirty-three days. Doctor Alves had refused to issue a supplement to Substance Plaintiff weight lost. And to date has continued to issue. Plaintiff a supplemental weight gain. A year later. which cause Plaintiff unable to stand up on his feet For more than two-minutes at a time since. 2004. to date 2005.

13] On November 1, 2005, Nurse Mills, have refused to place plaintiff's on a supplemental weight gain. After requested by the plaintiff, allegations that he could not eat more than "one" restricted disciplin ary diet loafs, And ALL of his regular meals since October 4, 2005.

If you did not exhaust your administrative remedies, state why you did not do so: ______________________

**A. SECOND CLAIM:** On (date of the incident) ______________________,
defendant (give the **name and position held** of **each defendant** involved in this incident) ______________________

did the following to me (briefly state what each defendant named above did): ______________________

See Annexed Pages

The constitutional basis for this claim under 42 U.S.C. § 1983 is: ______________________

The relief I am seeking for this claim is (briefly state the relief sought): ______________________

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? X Yes ____ No If yes, what was the result? ______________________

Did you appeal that decision? X Yes ____ No If yes, what was the result? ______________________

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ______________________

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

**6. RELIEF SOUGHT**

*Summarize the relief requested by you in each statement of claim above.*

Injunction Relief requested
money damages $175,000.00 punitive damages
and compensation damages

Do you want a jury trial? Yes X No____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on November 6, 2005
(date)

**NOTE:** ***Each*** *plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

[signature]
Johnathan Johnson

Signature(s) of Plaintiff(s)